<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MELANIE RAIT, | |
| Plaintiff, | Civil Action No.: 08-2461 (JLL) |
| v. | |
| | **OPINION** |
| SEARS, ROEBUCK and CO. and SEARS HOLDING CORPORATION, | |
| Defendants. | |

**LINARES**, District Judge.

This matter comes before the Court on the motion to dismiss filed by Defendants Sears, Roebuck and Company and Sears Holding Corporation ("Sears") pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff Melanie Rait ("Ms. Rait") commenced this class action asserting claims for violations of the New Jersey Consumer Fraud Act ("CFA") (Count I), common-law fraud (Count II), unjust enrichment (Count III), breach of the implied warranty of fitness for a particular purpose (Count IV), and breach of the implied warranty of merchantability (Count V). Sears moves to dismiss Counts I through IV of the complaint. Jurisdiction is premised on diversity of citizenship. 28 U.S.C. § 1332. This Court has considered the submissions in support of and in opposition to the motion and decides this matter without oral argument. Fed. R. Civ. P. 78. For the reasons set forth below, Sears' motion to dismiss is granted in part and denied in part.

## BACKGROUND

Ms. Rait purchased a Sears Craftsman garage door opener from the Sears website for $171.19. (Compl. ¶ 20.) She asserts that she made her decision after looking at various models on the website, choosing this particular opener "because it had double lights and [she] wanted her garage to be well lit." (Id. at ¶ 19.) In addition to the cost of the opener, Ms. Rait paid an installation fee of approximately $125.99. (Id. at ¶ 21.) After three weeks, Ms. Rait claims that a light went out. (Id. at ¶ 23.) She replaced the bulb, but it kept burning out anywhere from a couple of days to two weeks after bulb replacement. She asserts that she replaced the bulb at least six times. (Id. at ¶ 24.) As a result, Ms. Rait had the opener inspected by a Sears repairman who informed her that the socket was bad and had to be replaced; she replaced it. (Id. at ¶ 25.) She paid $65.00 for the repair. (Id. at ¶ 26.) Ms. Rait states that she is "aware of numerous complaints on various internet sites as well as Sears' own website regarding similar issues with Sears Craftsman brand garage door openers." (Id. at ¶ 29.)

In her complaint, Ms. Rait asserts that "[s]erious problems exist with the design and/or manufacture of Sears Craftsman brand garage door openers." (Id. at ¶ 5.) She further asserts that Sears "institut[ed] and implement[ed] business processes and practices intended to place inferior products and parts on the market and seek additional profit [by] charging . . . customers additional and excessive fees for service visits by repair technicians in order to repair and replace these inferior products." (Id. at ¶ 34.) In summary, Ms. Rait asserts that Sears was aware of defects in the garage door and intentionally placed it on the market, without informing customers of the defects, in order to generate additional revenue in the form of repair fees. (See, e.g., id. at ¶¶ 7-10, 42-46.)

**LEGAL STANDARDS**

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well-settled. Courts must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Allegheny Gen. Hosp. v. Philip Morris, Inc., 228 F.3d 429, 434-35 (3d Cir. 2000). Moreover, "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007). Thus, courts are not required to credit bald assertions or legal conclusions draped in the guise of factual allegations. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997); see also In re Nice Sys., Ltd. Sec. Litig., 135 F. Supp. 2d 551, 565 (D.N.J. 2001). In evaluating a plaintiff's claims under this standard, a court may generally look only to the facts alleged in the complaint and any accompanying attachments and may not look at the record. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994).

**DISCUSSION**

Sears argues that Ms. Rait's fraud claims (Count I and II) should be dismissed because she has failed to state a claim for fraud under the CFA or common law and because she has failed to plead these fraud claims with the specificity required by Rule 9(b) of the Federal Rules of Civil Procedure. Essentially, Sears argues that Ms. Rait asserts only a breach of warranty claim and nothing more. Sears further argues that Ms. Rait's unjust enrichment claim (Count III) should be dismissed because she "has failed to plead any facts establishing the benefits unjustly conferred on Sears or the expectation of remuneration that is required to support an unjust enrichment claim."

(Defs. Sears, Roebuck and Co. and Sears Holdings Corp.'s Mem. of Law in Supp. of Mot. to Dismiss Claims I, II, III, and IV Pursuant to Fed. R. Civ. P. 12(b)(6), at 2 [hereinafter "Defs.'s Mem."].)  Finally, Sears argues that Ms. Rait's claim for a breach of an implied warranty of fitness for a particular purpose (Count IV) should be dismissed because there is no proof that, in purchasing the garage door via the internet, Sears "knew of any 'special purpose' associated with plaintiff's garage door opener or that plaintiff relied on any express statements from Sears regarding the garage door opener in question."  (Id. at 1-2.)

     **A.**    **Count I: The New Jersey Consumer Fraud Act**

"[T]o state a CFA claim, a plaintiff must allege three elements: (1) unlawful conduct . . .; (2) an ascertainable loss . . .; and (3) a causal relationship between the defendants' unlawful conduct and the plaintiffs ascertainable loss.  Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co., 929 A.2d 1076, 1086 (N.J. 2007) (internal quotations omitted). The CFA provides that

> [t]he act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice . . . .

N.J. Stat. Ann. § 56:8-2. This broad definition of unlawful practice covers affirmative acts and knowing omissions, as well as regulatory violations.  Cox v. Sears Roebuck & Co., 647 A.2d 454, 462 (N.J. 1994).  However, while a "breach of warranty or contract is unfair to the non-breaching party," a breach of warranty alone is not a per se unlawful practice.  Id. at 462 (citing D'Ercole Sales, Inc. v. Fruehauf Corp., 501 A.2d 990, 998 (N.J. Super. Ct. App. Div. 1985)).  A claim

under the CFA requires more; it requires that a plaintiff allege "substantial aggravating circumstances." Suber v. Chrysler Corp., 104 F.3d 578, 587 (3d Cir. 1997); Cox, 647 A.2d at 462. To meet this standard, a plaintiff must demonstrate that the business behavior in question "stand[s] outside the norm of reasonable business practice in that it will victimize the average consumer." Turf Lawnmower Repair, Inc. v. Bergen Record Corp., 655 A.2d 417, 430 (N.J. 1995).

In D'Ercole, the New Jersey Appellate Division held that a vendor's "recalcitrance . . . in failing to honor its warranty and its intransigent and shoddy attitude toward plaintiff," while offensive and unjustified, was not a violation of the CFA. 501 A.2d at 999-1001. On the other hand, several cases provide examples of behavior that crosses the line and may constitute aggravating practices under the CFA. In Suber, a plaintiff alleged that he purchased a van that had suspension problems and that the defendant denied the problems for months, despite the fact that a technical bulletin had been issued identifying the suspension problems and the need for repairs. Suber, 104 F.3d at 587. Additionally, even after conceding the problems, the defendant wrote contradictory information in the repair reports, and on two occasions failed to provide plaintiff with repair invoices in violation of the Lemon Laws. Id. These facts were found to be sufficient to support an allegation of a violation of the CFA. Id. In New Mea Constr. Corp. v. Harper the court found that allegations of poor workmanship and the substitution of inferior quality products was enough to state a claim under the CFA. 497 A.2d 534, 542-43 (N.J. Super. Ct. App. Div. 1985). In Hyland v. Zuback, the court found a violation of the CFA where a repairman charged substantially increased fees for boat repairs without approval from the customer and told the customer that if he did not pay the increased charges he would not get his boat back, the

repairman misled the customer about the progress of the work, and the customer later discovered that the boat was inoperable and had to spend additional money and substantial time having the boat fixed. 370 A.2d 20, 22-25 (N.J. Super. Ct. App. Div. 1976).  Finally, in Turf a journalist ran undercover tests to determine the repair practices of a lawn-mover repair shop.  655 A.2d at 432.  In the second test, the shop recommended an unnecessary tune-up and blade sharpening.  Id.  In the third test, the shop unnecessarily rebuilt a carburetor and told the customer that it had added new points, when that type of mower did not have points.  Id. at 433.  The court held that the "rebuilding of the carburetor in a mower that apparently was in good condition and the installation of new points in a machine that did not need points, in tandem with the second visit, [were] sufficient to support a claim . . . [of] consumer fraud under the Act."  Id.

   Additionally, to adequately state a claim under the CFA, not only must a plaintiff allege facts sufficient to establish the elements discussed above, but those allegations must be plead with particularity under Rule 9(b) of the Federal Rules of Civil Procedure.  Parker v. Howmedica Osteonics Corp., No. 07-2400, 2008 WL 141628, at *3 (D.N.J. Jan. 14, 2008).  These requirements may be satisfied "by pleading the date, place or time of the fraud, or through alternative means of injecting precision and some measure of substantiation into [the] allegations of fraud."  Lum v. Bank of America, 361 F.3d 217, 224 (3d Cir. 2004) (internal quotations omitted).

   Here, Sears argues that Ms. Rait states at most a claim for breach of warranty.  The only precise facts Ms. Rait alleges are that she purchased a garage door opener from the Sears website, that there were immediate problems with one of the light bulbs on the opener, that she was told by a Sears repairman that the socket was bad and needed to be replaced, and that she paid $65 for the

repair. In her opposition brief, she highlights other allegations in the Complaint that she claims support her contention that her claims have been plead with particularity. For example, she claims:

- At the time Sears designed, manufactured, marketed and/or sold the Sears Craftsman brand garage door openers, Sears was aware of the defective nature of the design and/or manufacture of the product and its tendency to malfunction or cease to function as marketed and sold, resulting in damage to consumers. (Compl. ¶ 8.)
- Plaintiff is aware of numerous complaints on various internet sites as well as Sears' own website regarding similar issues with Sears Craftsman brand garage door openers. (Compl. ¶ 29.)
- Defendants violated the [CFA] by instituting and implementing business processes and practices intended to place inferior products and parts on the market and seek additional profit from charging Plaintiff and similarly situated customers additional and excessive fees for service visits by repair technicians in order to repair and replace these inferior products. (Compl. ¶ 34 (citations omitted).)
- Defendants violated the CFA by failing to properly disclose to Plaintiff and members of the Class, the terms, conditions, and fees associated with service and repairs to their Sears Craftsman brand garage door openers. (Compl. ¶ 35.)
- The actions of Defendants constitute fraudulent conduct, including but not limited to, knowingly making material misrepresentations and/or omissions regarding the quality of the Sears Craftsman garage door openers and the repair policy and fees associated with malfunctioning and/or defective units, upon which misrepresentations and/or omissions Plaintiff and members of the Class reasonably relied. (Compl. ¶ 41.)

These assertions by Plaintiff "do not inject sufficient precision into the allegations of fraud." See Palmeri v. LG Electronics USA, Inc., No. 07-5706, 2008 WL 2945985, at * 3 (D.N.J. July 30, 2008). The majority are merely broad conclusions which, if buttressed in the complaint with specific factual averments, could suffice to set forth a claim under the CFA. However, the Complaint currently lacks such factual detail; it does not provide any level of precision or put Sears on notice of the basis for her allegations. There are a myriad of ways in which a plaintiff

may substantiate fraud claims that would satisfy the pleading requirements of Rule 9(b). For example, a plaintiff may plead specific facts that show that an alleged defect existed or facts that provide a basis for the belief of what defendant is alleged to have known and when. A plaintiff may also attach to the a complaint documents or exhibits that support her allegations, such as expert reports or documentation demonstrating a history of behavior, or use any other means that gives some measure of precision to a broad conclusory allegation.

The last item regarding alleged complaints on the internet, though more specific than the others, still is very vague–allegedly at some point in time, Ms. Rait became aware of some comments, on some internet sites, discussing some issues with the garage door openers. This Court is not convinced that even if this item was specifically plead, without more, that Ms. Rait would allege facts sufficient to constitute substantial aggravating circumstances under the CFA, but as it currently is plead it is completely devoid of specificity. Thus, this Court finds that the facts adequately plead at most a claim for breach of warranty without substantial aggravating circumstances; Ms. Rait has failed to plead with the specificity required by Rule 9(b) facts sufficient to support a claim under the CFA. Therefore, Count I will be dismissed without prejudice to Ms. Rait to amend the Complaint to correct any deficiencies.

**B.     Count II: Common-Law Fraud**

As Ms. Rait points out in her opposition, common law fraud involves a more onerous standard than a claim for fraud under the CFA because under the CFA a plaintiff does not have to prove that he was actually misled or deceived. See Cox, 647 A.2d at 462. Therefore, given that Ms. Rait has failed even to plead her CFA claim with particularity, it follows that she has not sufficiently plead facts to support a common law fraud claim which requires her to establish that

(1) Sears made a false representation of a presently existing or past fact, (2) Sears knew the representation was false, (3) Sears intended for Ms. Rait to rely on the representation; (4) Ms. Rait reasonably relied on the misrepresentation, and (5) as a result she was harmed.  See Gennari v. Weichert Co. Realtors, 691 A.2d 350, 367 (N.J. 1997).  Therefore, Count II will also be dismissed without prejudice to Ms. Rait to amend the Complaint to correct any deficiencies.

### C.     Count III: Unjust Enrichment

In general, a claim for unjust enrichment requires that a plaintiff allege that "(1) at plaintiff's expense (2) defendant received benefit (3) under circumstances that would make it unjust for defendant to retain benefit without paying for it."  In re K-Dur Antitrust Litig., 338 F. Supp. 2d 517, 544 (D.N.J. 2004).[1]  Ms. Rait alleges that she purchased a garage door opener, the opener was defective, she was required to make repairs, and retention of the repair fee would unjustly confer a benefit on Sears.  See In re Ford, 2008 WL 4126264, at *21s; Palmeri, 2008 WL 2945985, at *6. Ms. Rait is permitted to plead unjust enrichment as an alternative claim for recovery.  See Palmeri, 2008 WL 2945985, at *7.  At this stage of the proceeding, this Court finds that Ms. Rait has adequately stated a claim for unjust enrichment.  Therefore, Sears' motion to dismiss Count III is denied.

---

[1] The parties appear to assume that the law of New Jersey applies this claim; both apply New Jersey law in their briefs.  Although normally this Court must apply New Jersey's choice of law rules to determine what law should apply for each claim, see Warriner v. Stanton, 475 F.3d 497, 499-500 (3d Cir. 2007), this Court finds such an analysis unnecessary in this case.  To the extent that there are minor variations in law "any differences are not material to the instant motion to dismiss."  In re Ford Motor Co. E-350 Van Prods. Liab. Litig., No. 03-4558, 2008 WL 4126264, at *21 (D.N.J. Sept. 2, 2008).

   **D.     Breach of the Implied Warranty of Fitness for a Particular Purpose**

Ms. Rait alleges that Sears breached the implied warranty of fitness for a particular purpose in connection with the sale of the garage door opener.  "Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified ... an implied warranty that the goods shall be fit for such purpose." N.J. Stat. Ann. § 12A:2-315.[2]  Sears appears to argue that because Ms. Rait purchased the garage door opener on the internet it could not have known of any particular purpose that Ms. Rait had in mind.  Plaintiff, on the other hand, argues that personal communication of the purpose is not necessary and that internet product advertisements may create an implied warranty of fitness for a particular purpose.  This Court agrees; advertisements that tout specific uses may create an implied warranty of fitness for a particular purpose.  See, e.g. Filler v. Rayex Corp., 435 F.2d 336, 338 (7th Cir. 1970) (analyzing Indiana's identical statutory provision and finding that an advertisement for sunglass intended to be used by baseball fielders created an implied warranty for fitness for particular purpose where the glasses were not fit to be so used).  However, in her Complaint, what this Court must limit itself to for purposes of this motion, Ms. Rait only states that she chose the garage door opener based on its description on the Sears website.  This Court finds such a bare allegation is insufficient to state a claim for breach of warranty of fitness for a particular purpose.  If such an allegation was sufficient, then arguably every advertisement would

---

[2] Both parties also cite to New Jersey law in their discussions of this claim.  Again, because to the extent any minor variations exist, the differences do not affect the outcome of this motion as the issue is Ms. Rait's failure to provide sufficient facts to meet the basic pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

likely create such a warranty. Therefore, this Court dismisses Count IV without prejudice to Ms. Rait to amend the Complaint to correct any deficiencies.

## CONCLUSION

Because this Court finds that Ms. Rait has failed to adequately plead her fraud claims (Counts I & II) and failed to state a claim for breach of warranty of fitness for a particular purpose (Count IV), this Court grants Sears' motion to dismiss on those counts without prejudice to Ms. Rait to amend her Complaint to correct any deficiencies. Additionally, because this Court finds that Ms. Rait has adequately stated a claim for unjust enrichment (Count III), Sears' motion to dismiss this count is denied. An appropriate Order accompanies this Opinion.

DATED: February 2, 2009                     /s/ Jose L. Linares
                                             JOSE L. LINARES
                                             UNITED STATES DISTRICT JUDGE