

**McCARTER & ENGLISH**
ATTORNEYS AT LAW

March 24, 2009

**VIA ELECTRONIC FILING**

Office of the Clerk
United States District Court
District of New Jersey
M.L. King, Jr. Federal Bldg. & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Edward J. Fanning, Jr.
Partner
T. 973.639.7927
F. 973.297.3868
efanning@mccarter.com

Re: <u>Melanie Rait v. Sears, Roebuck and Co. and Sears Holdings Corporation</u>
United States District for the District of New Jersey
Civil Action No. 2:08-cv-02461 (JLL) (CCC)

Dear Sir or Madam:

We enclose for electronic filing the following:

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, NJ 07102
T. 973.622.4444
F. 973.624.7070
www.mccarter.com

1. Answer to Amended Complaint and Affirmative Defenses on behalf of Sears, Roebuck and Co. and Sears Holdings Corp.; and

Respectfully submitted,

s/ Edward J. Fanning, Jr.

Edward J. Fanning, Jr.

BOSTON

HARTFORD

NEW YORK

NEWARK

PHILADELPHIA

STAMFORD

WILMINGTON

Enclosures

cc: Hon. Jose L. Lineras (w/encl.) (by regular mail)
Bruce H. Nagel, Esq. (w/encl.) (by electronic filing and by certified mail, r.r.r.)

**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, New Jersey 07101-0652
(973) 622-4444
(973) 624-7070 FAX
Attorneys for Defendants
    Sears, Roebuck and Co. and Sears Holdings
    Corp.

DK 4593 (David R. Kott, Esq.)
EJF 3747 (Edward J. Fanning, Jr., Esq.)

|  |  |
|---|---|
| MELANIE RAIT, individually and on behalf of a class of similarly situated persons,<br><br>                        Plaintiffs,<br><br>v.<br><br>SEARS, ROEBUCK AND CO., an Illinois Corporation AND SEARS HOLDINGS CORPORATION, an Illinois Corporation,<br><br>                        Defendants. | UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF NEW JERSEY<br><br>Civil Action No. 2:08-cv-02461 (JLL)<br>(CCC)<br><br>**ANSWER TO AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES** |

Defendants, Sears, Roebuck and Co. and Sears Holding Corp. (collectively "Sears"), by and through its attorneys, by way of answer to plaintiffs' Amended Complaint, says:

## CLASS ACTION COMPLAINT

1.     Paragraph 1 contains a legal statement to which no response is required. Sears, however, does respond that the allegations forming the basis of this Amended Complaint reveal that this matter is not appropriate for certification as a class action.

## NATURE OF CASE

2.  Denied. Sears further responds that the allegations forming the basis of this Amended Complaint reveal that this matter is not appropriate for certification as a class action.

3.  Paragraph 3 contains a legal statement to which no response is required. Sears, however, does respond that the allegations forming the basis of this Amended Complaint reveal that they fail to state a claim upon which relief can be granted and, further, that this matter is not appropriate for certification as a class action.

4.  Paragraph 4 contains a legal statement to which no response is required. Sears, however, does respond that the allegations forming the basis of this Amended Complaint reveal that they fail to state a claim upon which relief can be granted and, further, that this matter is not appropriate for certification as a class action.

5.  Denied

6.  Denied

7.  Denied

8.  Denied

9.  Denied

10. Denied

## VENUE

11. The allegations contained in Paragraph 11 of the Amended Complaint state conclusions of law to which no responsive pleading is required. To the extent Paragraph 11 states factual allegations, Sears denies these allegations.

ME1 8289078v.1

## JURISDICTION

12. The allegations contained in Paragraph 12 of the Amended Complaint state conclusions of law to which no responsive pleading is required. To the extent Paragraph 12 states factual allegations, the Sears denies knowledge or information sufficient to form a belief in the truth of the allegations contained in Paragraph 12 of the Amended Complaint, but admits, on information and belief, that jurisdiction is proper in this Court.

## PARTIES

13. Sears lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 13.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

## FACTS RELATING TO PLAINTIFF AND THE CASE

18. Sears lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 18.

19. Sears lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 19.

20. Sears lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 20.

ME1 8289078v.1

21. Sears lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 21.

22. Sears lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 22.

23. Sears lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 23.

24. Sears lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 24.

25. Sears lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 25.

26. Sears lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 26.

27. Sears lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 27.

28. Sears lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 28.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

ME1 8289078v.1

## CLASS ACTION ALLEGATIONS

33.   Sears incorporate its responses to all prior Paragraphs of the Amended Complaint.

34.   Sears admits that Plaintiff purports to bring this action as a putative class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure. Sears denies that this action has merit, denies that this action is appropriate as a class action, and specifically denies that this action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of Rule 23. Sears denies the remaining allegations in Paragraph 34.

35.   Sears admits that Plaintiff purports to bring this action as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure. Sears denies that this action has merit, denies that this action is appropriate as a class action, and specifically denies that this action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of Rule 23. Sears denies the remaining allegations in Paragraph 35.

36.   Sears admits that Plaintiff purports to bring this action as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure. Sears denies that this action has merit, denies that this action is appropriate as a class action, and specifically denies that this action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of Rule 23.

37.   Sears admits that Plaintiff purports to bring this action as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure. Sears denies that this action has merit, denies that this action is appropriate as a class action, and specifically denies that this action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of Rule 23. Sears denies the remaining allegations in Paragraph 37.

38. Sears admits that Plaintiff purports to bring this action as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure. Sears denies that this action has merit, denies that this action is appropriate as a class action, and specifically denies that this action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of Rule 23. Sears denies the remaining allegations in Paragraph 38.

## COUNT I

39-44. Sears makes no response to the allegations contained within the paragraphs of Count I of the Amended Complaint insofar as they fail to state a claim and are the subject of Sears' motion to dismiss pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6) filed concurrently herewith.

## COUNT II

45-53. Sears denies all the allegations contained within the paragraphs of Count II of the Amended Complaint. Sears makes no response to the allegations contained within the paragraphs of Count II of the Amended Complaint insofar as they fail to state a claim and are the subject of Sears' motion to dismiss pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6) filed concurrently herewith.

## COUNT III

54. Defendant repeats, realleges and incorporates herein each and every response to the prior allegations contained in the Amended Complaint as though more fully set forth at length herein.

55. Denied.

56. Denied. Additionally, Sears responds that the allegations forming the basis of this Amended Complaint reveal that this matter is not appropriate for certification as a class action.

57. Denied.

58. Denied. Additionally, Sears responds that the allegations forming the basis of this Amended Complaint reveal that this matter is not appropriate for certification as a class action.

59. Denied. Additionally, Sears responds that the allegations forming the basis of this Amended Complaint reveal that this matter is not appropriate for certification as a class action.

60. Denied. Additionally, Sears responds that the allegations forming the basis of this Amended Complaint reveal that this matter is not appropriate for certification as a class action.

61. Denied. Additionally, Sears responds that the allegations forming the basis of this Amended Complaint reveal that this matter is not appropriate for certification as a class action.

## COUNT IV

62-68. Sears denies all the allegations contained within the paragraphs of Count IV of the Amended Complaint. Sears makes no response to the allegations contained within the paragraphs of Count IV of the Amended Complaint insofar as they fail to state a claim and are the subject of Sears' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed concurrently herewith.

7

## COUNT V

69. Defendant repeats, realleges and incorporates herein each and every response to the prior allegations contained in the Amended Complaint as though more fully set forth at length herein.

70. Denied as stated. Additionally, Sears responds that the allegations forming the basis of this Amended Complaint reveal that this matter is not appropriate for certification as a class action.

71. Sears is without sufficient information or knowledge to admit or deny the allegations of Paragraph 71. Additionally, Sears responds that the allegations forming the basis of this Amended Complaint reveal that this matter is not appropriate for certification as a class action.

72. Paragraph 72 contains a legal statement to which no response is required. Sears, however, does respond that the allegations forming the basis of this Amended Complaint reveal that this matter is not appropriate for certification as a class action.

73. Denied. Additionally, Sears responds that the allegations forming the basis of this Amended Complaint reveal that this matter is not appropriate for certification as a class action.

74. Denied.

75. Denied.

76. Denied. Additionally, Sears responds that the allegations forming the basis of this Amended Complaint reveal that this matter is not appropriate for certification as a class action.

ME1 8289078v.1

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The claims in the Amended Complaint fail to state a claim upon which relief can be granted against Sears and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### SECOND AFFIRMATIVE DEFENSE

This matter is improper for class certification under Rule 23 of the Federal Rules of Civil Procedure. Specifically, this action fails to satisfy the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of Rule 23.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of putative class members are barred in whole or in part by the applicable statutes of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of putative class members are barred in whole or in part by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of putative class members are barred in whole or in part by the doctrine of accord and satisfaction.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of putative class members are barred in whole or in part by the doctrine of waiver and/or equitable estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of putative class members are barred in whole or in part by the doctrine of res judicata and/or collateral estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff and/or any members of the putative class have not sustained any ascertainable loss, legally cognizable damages or injuries by virtue of any fact alleged in the Amended Complaint.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff and/or any members of the putative class failed to act reasonably to mitigate any damages.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of putative class members are barred in whole or in part by the statute of frauds.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of putative class members are barred in whole or in part by the parol evidence rule.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of putative class members are barred in whole or in part because the Amended Complaint does not plead fraud with the requisite particularity under applicable law.

## THIRTEENTH AFFIRMATIVE DEFENSE

ME1 8289078v.1

Plaintiff's claims and the claims of putative class members are barred in whole or in part because they voluntarily consented, expressly and/or impliedly, to any acts or conduct on the part of Sears as may be shown.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent this action seeks exemplary or punitive damages, any such relief would place an unreasonable burden on interstate commerce and would violate Sears' rights to protection from excessive fines as provided by the Eighth Amendment to the United States Constitution, and Sears' rights to substantive and procedural due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution, the Constitution of the State of New Jersey, and all other rights under the United States Constitution and any applicable state constitutions or laws.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of putative class members are barred in whole or in part because the terms of each written contract controls the rights and obligations of the parties, and Sears did not breach the terms of any of these written contracts.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff and/or any members of the putative class cannot recover in whole or in part under the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1, et. seq., because no material representations regarding the terms of the contracts governing the relationships between the parties or the service to be provided by Sears under the contracts were deceptive or unfair when made, Sears did not fail to disclose any material information regarding the terms of the contracts governing the relationships between the parties or the service to be provided by Sears, plaintiffs did not rely on any representations made by Sears when entering into their contracts and no

11

representations by Sears caused plaintiffs to suffer any damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of putative class members, if any, are barred by the lack of causal nexus between any alleged act or omission and any ascertainable loss.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs and/or any members of the putative class lack standing to bring this action inasmuch as they have suffered no damages.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of putative class members, if any, are barred by the terms of the contract and/or agreement between plaintiff and Sears regarding plaintiff's purchase of the subject product.

### JURY DEMAND

This defendant hereby demands trial by jury on all issues so triable.

McCARTER & ENGLISH, LLP
Attorneys for Defendants
Sears, Roebuck and Co.
and Sears Holdings Corp.

By: ___s/ Edward J. Fanning, Jr.___
     Edward J. Fanning, Jr.
     A Member of the Firm

Dated: March 24, 2009

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing document was served this 24th day of March 2009 upon the following counsel of record by electronic filing, hand-delivery or overnight mail.

By: _____
    Zane Riester