**NAGEL RICE, LLP**
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 618-0400
**Attorneys for Plaintiffs**

| | |
|---|---|
| MELANIE RAIT, individually and on behalf of a class of similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>SEARS, ROEBUCK AND CO., an Illinois Corporation AND SEARS HOLDINGS CORPORATION, an Illinois Corporation,<br><br>Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br><br>CASE NO.: 2:08-cv-02461-JJL-CCC<br><br><br>**SECOND AMENDED CLASS ACTION COMPLAINT<br>AND JURY DEMAND** |

## CLASS ACTION COMPLAINT

1.  Plaintiff, Melanie Rait, by and through her attorneys, Nagel Rice, LLP, on behalf of herself and all others similarly situated, by way of Second Amended Class Action Complaint against Defendants, Sears, Roebuck and Co., an Illinois Corporation and its parent company, Sears Holdings Corporation, (collectively, "Sears Defendants"), allege as follows:

## NATURE OF THE CASE

2.  This case is a class action brought on behalf of Plaintiff and all others similarly situated, who purchased Sears Craftsman garage door opener (1/2 HP 315 MHz Model 139.53985D) ("the Garage Door Opener") during the period commencing six years before the date of filing of the Complaint and who have been charged fees for the service, repair and/or replacement of defective light sockets and/or

1

who have incurred expenses for the service, repair and /or replacement of defective light sockets.

3. Plaintiff states violations of the New Jersey Consumer Fraud Act, N.J. Stat. § 56:8-1, *et seq.*, as well as causes of action for common law fraud, breach of warranty, and unjust enrichment.

4. Generally, apart from other problems that may exist with respect to the Garage Door Opener, the light bulb socket supplied by Defendants to Plaintiff and other class members was, and is, defective.

5. More specifically, the light bulb sockets supplied by Defendants to Plaintiff and other class members do not allow for the requisite lighting, as represented by Defendants in their catalog and trade dress and on their website.

6. The result is that Plaintiff and other class members who thought they were purchasing Garage Door Openers with non-defective light bulb sockets have experienced problems with the aforesaid defective light bulb sockets, preventing them from receiving the appropriate lighting for the appropriate time.

7. Upon information and belief, at the time Sears designed, manufactured, marketed and/or sold the Garage Door Opener, Defendants were aware of the defective nature of the light bulb sockets that they supplied to Plaintiff and other class members.

8. Upon information and belief, despite Defendants knowledge of the defective nature of the light bulb sockets that they supplied with the Garage Door Opener, Defendants designed, manufactured, marketed and/or sold the Garage Door Openers with the defective light bulb sockets without informing Plaintiff or other class members or the public of the aforesaid defects.

9. Defendants continue to deceive Plaintiff, other class members and the public with false and misleading statements concerning the light bulb sockets that they supply for use with the Garage Door Openers.

## VENUE

10. Venue is proper in New Jersey under 28 U.S.C. § 1391 (b) and (c). A substantial part of the events and conduct giving rise to the violations of law complained of herein occurred in or emanated in New Jersey. Defendants have stores in New Jersey, sell products via their website, www.sears.com, to consumers in New Jersey and thus conduct business with consumers in New Jersey. Further, Plaintiff is domiciled in New Jersey.

## JURISDICTION

11. This action is within the original jurisdiction of this Court by virtue of 28 U.S.C. § 1332(d)(2). Plaintiff and Defendants are citizens of different states and the amount in controversy of this class action exceeds five million dollars ($5,000,000.00), exclusive of interest and costs.

## PARTIES

12. Plaintiff Melanie Rait is a citizen and resident of the United States of America. She is a resident of Essex County, New Jersey (23 Mohawk Drive, Livingston, New Jersey, 07039).

13. Defendant Sears Holdings Corporation is the parent company of Defendant Sears, Roebuck and Co.

14. Defendant Sears Holdings Corporation is headquartered at 3333 Beverly Road, Hoffman Estates, Illinois, 60179.

15. Defendant Sears, Roebuck and Co. is headquartered at 3333 Beverly Road, Hoffman Estates, Illinois, 60179.

16. Defendants own and operate numerous retail stores located in New Jersey and throughout the United States.

## STATEMENT OF FACTS

17. On or about January 23, 2007, Plaintiff ordered a Garage Door Opener from Defendants' website.

18. Plaintiff decided to purchase the Garage Door Opener because it had double lights and Plaintiff wanted her garage to be well lit.

19. Defendants' website touted the light feature, which was a feature important to Plaintiff. Specifically, the website stated: "Chain drive with steel construction and a brighter light (two 100W bulbs) for added safety, convenience. . . . Automatic lights can be adjusted to turn off automatically from 1 to 4 minutes." [Exhibit A].

20. Prior to the purchase, Plaintiff viewed the description and representations of other Sears Craftsman garage door openers on Defendants' website and found that they did not provide the specific lighting needs required. It was the aforesaid description and representations on the website which caused her to select the Garage Door Opener.

21. The trade dress on the box for the Garage Door Opener states in pertinent part:

Two Lights

Lights turn on automatically whenever garage door opens or closes or safety reversing sensors are obstructed. Light delay feature turns lights off after a maximum of 4 ½ minutes (bulbs not included).

[Exhibit B].

22. The catalog for the Garage Door Opener provides in pertinent part:

**INSTALLATION STEP 7**

**Install the Lights**

- Press the release tabs on both sides of lens. Gently rotate lens back and downward until the lens hinge is in the fully open position. Do not remove the lens.

- Install a 100-watt maximum light bulb in each socket. Light bulb size should be A19, standard neck only. The lights will turn ON and remain lit for approximately 4-1/2 minutes when power is connected. Then the lights will turn OFF.

- Reverse the procedure to close the lens.

- Use A19, standard neck garage door opener bulbs for replacement.

*NOTE: Use only standard light bulbs. The use of short neck or specialty light bulbs may overheat the endpanel or light socket.*

[Exhibit C].

23. The catalog for the Garage Door Opener provides in pertinent part:

**The opener lights** will turn on under the following conditions: when the opener is initially plugged in; when power is restored after interruption; when the opener is activated.

They will turn off automatically after 4-1/2 minutes or provide constant light when the Light feature on the Motion Detecting Control Console is activated. Bulb size is A19. Bulb power is 100 watts maximum.

*Security+® light feature:* Lights will also turn on when someone walks through the open garage door. With a Premium Control Console, this feature may be turned off as follows: With the opener lights off, press and hold the light button for 10 seconds, until the light goes on, then off again. To restore this feature, start with the opener lights on, then press and hold the light button for 10 seconds until the light goes off, then on again.

[Exhibit C].

24. The catalog for the Garage Door Opener provides in pertinent part:

*Light feature*

5

Press the Light button to turn the opener light on or off. It will not control the opener lights when the door is in motion. If you turn it on and then activate the opener, the light will remain on for 4-1/2. Press again to turn it off sooner. The 4-1/2 minute interval can be changed to 1-1/2, 2-1/2, or 3-1/2 minutes as follows: Press and hold the Lock button until the light blinks (about 10 seconds). A single blink indicates that the timer is reset to 1-1/2 minutes. Repeat the procedure and the light will blink twice, resetting the timer to 2-1/2 minutes. Repeat again for a 3-1/2 minute interval, etc., up to a maximum of four blinks and 4-1/2 minutes.

[Exhibit C].

25. The catalog for the Garage Door Opener provides in pertinent part:

| KEY NO. | PART NO. | DESCRIPTION |
|---|---|---|
| 6 | 175B88 | Light socket |

[Exhibit C].

26. Defendants intended that consumers like Plaintiff and other class members rely on descriptions and representations made on Defendants' website in Defendants' catalog and on Defendants' trade dress including the aforesaid descriptions and representations relating to lighting for the Garage Door Opener.

27. As a result, Plaintiff purchased from Defendants' website the Garage Door Opener.

28. On or about January 26, 2007, representatives of Defendants installed the Garage Door Opener in Plaintiff's garage.

29. For approximately three weeks, Plaintiff used the Garage Door Opener in an ordinary fashion.

30. Then, after approximately three weeks of use, one of the lights went out due to the defective light socket.

31. Plaintiff had one of the light bulbs replaced on at least six occasions due to the defective light socket.

6

32. Each of these light bulbs lasted two days and two weeks due to upon information and belief defective light socket.

33. After the light bulbs repeatedly ceased to function, Plaintiff engaged a Sears repair technician and scheduled a repair for December 18, 2007.

34. The repairman told Plaintiff's husband that the light socket had to be replaced.

35. Plaintiff then replaced the defective light socket and was charged $65.00 by Sears.

36. Upon information and belief, in light of the volume of repairs, contacts by consumers with customer service and complaints by consumers, Defendants were aware of the problem with the defective light socket prior to Plaintiff's purchase of the Garage Door Opener and prior to the repair of the Garage Door Opener.

37. Specifically, Defendants' website contains complaints from consumers relating to the light socket and lighting system for the Garage Door Opener. The following reviews and comments have been quoted directly from the websites listed.

   i. **Caution on this particular opener, May 12, 2007**
      By Kvn2 from Traverse City, Michigan

      I have had Sears garage door openers in three houses and had been very happy. This one was replacing a 15 year old one. I am sad to say the quality has not been there. Additionally, Sears has repaired it by replacing one of the boards 3 times (a total of about 5-6 visits because they always want to try something less expensive first). It never has functioned correctly. The problem is either one or the other (or both) of the light bulbs burn out prematurely...like in 1-2 weeks. I think they also replaced the unit once, only to have the new one do the same thing on the other side. We have given up calling for repairs (you must be present for the repair and this is a major hassle all these times) and are living with it the way it is. I would definitely not recommend this particular opener to anyone. I still like Sears and will try another opener in my next new house (just built) before writing them off as producers of very inferior products.

    ii.    **Light Quit Working, February 2, 2007**
By Hat12 from Greensboro, N.C.

> After 2 years one of the lights quit working. You would think that after the many years of openers, someone would design a light that would continue working. With my last opener, the lights stopped working after 8 years. I will be switching back to that brand next time.

[Exhibit D].

38. Other websites, including the Sears, ManageMyHome website, reflect that the light sockets in the Garage Door Openers are defective and of poor and inferior quality. Sears knew or should have known that the light sockets in the Garage Door Openers are defective and of poor quality. Sears knew of the reports from its own ManageMyHome website. The following are examples of information known to Sears about the Garage Door Opener. The following reviews and comments have been quoted directly from the websites listed.

    i.    **Sears ManageMyHome Website**

        a)    **Why will the lights on my garage door opener not work?**

> I have a garage door opener model 139 1/2 HP. The lights on it did not light up two times today. One time they did come on when I opened the door. Even when you use the light button they will not come on.

> **Answers sorted newest first**

> (0 ratings)

> Answer by: **expert,** January 10, 2008

> You need to check the voltage to the light sockets to see if the problem is in the sockets or the relay inside your logic board. If you have voltage to the light sockets the sockets are bad. If you have no voltage, the logic board will have to be replaced.

        b)    **How do I fix the lights on my garage door opener?**

> Both light sockets of my garage door opener do not work even after replacing new bulbs. How do I fix this problem?

8

Asked by **customer** about 1 year ago
(1 expert, 0 community answers)
**Expert Answer**
(0 ratings)

Answer by: **expert**, about 1 year ago
I referenced your profile and did not find a model or serial number for the garage door opener.
The problem can be in the sockets or the logic board. Someone needs to check the voltage to the sockets to determine where the problem is. If you have 120 volts a.c. to the sockets when you first open or close the door, they are defective. If you don't have the voltage, the problem is in the relay on the logic board inside the opener. The logic board is much more expensive than the the sockets.

It might be better to have a technician check it out.

**c)      Why won't the lights on my Craftsman garage door opener come on after I have changed the light bulbs?**

The lights do not come on. I have a Craftsman Model # 13953985D, serial number 454610200756 I have changed the light bulbs. I can here it click but no light comes on.

Asked by **customer** about 1 year ago

(1 expert, 0 community answers)
**Expert Answer**
(0 ratings)

Answer by: **expert**, about 1 year ago
Someone needs to check the voltage at the light sockets. If you have 120 volts AC at the socket wires, the sockets are bad. If you don't have the voltage the logic board is bad.

**d)      The lights on the garage door opener do not work, why?**

The garage door opener works fine, the lights do not work either by the switch or the remote. I changed the light bulbs.

Asked by **snk** 3 months ago

(1 expert, 0 community answers)
**Expert Answer**
(1 ratings)

Answer by: **MMH EXPERT_JK**, Unknown
Someone needs to test for voltage at the sockets for the light bulbs. If you don't have 120 volts ac there the logic board of the garage door

opener has a bad relay. If you have 120 volts ac, the sockets are bad.

### e) Why do the lights stay on on my Craftsman model 139.5395D garage door opener?

Craftsman garage door opener model 139.5395D. The two light bulbs on the motor unit will not go out unless they are unscrewed or the power is disconnected. I have held the "light" button on the wall-mounted console down for over a minute and nothing happens. The safety reversing sensors are aligned and nothing is obstructing them. All other features of the product work as designed except the light bulbs on the motor unit.

Answers sorted newest first

**Expert Answer**
(0 ratings)

You should schedule service and get a technician to diagnose and repair the garage door opener. The relay that controls the lights on your logic board may have failed or the logic board is miswired internally.

[Exhibit E].

### ii. Bob Vila Website
### a) craftsman garage door opener

Posted by **Lisa** on July 1st, 2004 04:54 PM
In reply to garage door opener light by Adi on April 16th, 2004 09:17 AM [Go to top of thread]

 Post Reply | Watch this Post

I have a similar problem. My garage door opener has two lights. The one on the right hand side always blows out. Any suggestions? I did call Sears, but it will cost me $65 for a technician to look at it. The door only costs $129.

http://www.bobvila.com/wwwboard/messages/228605.html

### b) sears garage door opener light switch

Posted by **Natalia** on January 18th, 2003 11:37 AM
In reply to Garage Door Opener by Dennis O'Brien on December 27th, 2002 09:27 AM [Go to top of thread]
0 of 1 people found this post helpful

 Post Reply | Watch this Post

> I have a Sears garage door opener model 139.653000,1/3 hp, serial #E095173. The light doesn't come on when the door opens anymore (bulb is good!)......anywhere i can get the replacement switch....tried sears, they said no good.
> Thank You
>
> http://www.bobvila.com/wwwboard/messages/85202.html

See Exhibit F.

### iii. Miscellaneous Website Reviews

#### a) Craftsman Garage Door Opener
Posted by rajubeh (My Page) on

Mon, Feb 9, 09 . . I have a 1/2HP Craftsman garage door opener. When I first installed it, the two electric bulbs kept burning out. So I discontinued using one of the bulbs, and it seemed to last for quite a while that way. However, lately the one bulb keeps burning out as soon as I change it. It doesn't make any difference which side I have it on. I was told to buy a heavy duty bulb for garage doors which I did. It went down one time and then blew the bulb out. Any suggestions please would be greatly appreciated.

#### b) 1/2hp Craftsman Garage door opener light bulb
posted by hoosiergary on Jan 08, 2009

The light will not come on when the door is opening. I've replaced the bulb, and that's not it. And when I stand in front of the electric eye, there's still the click,click,click from the unit, just no light going on.

**Response: DOOR TECH; Jan 10, 2009**
If you are getting a click the relay on the board sounds like it is working. Sometimes the contacts in the light socket gets burn spots on them. Try unplugging the unit, unscrewing the bulb and with a small scrapping tool (small flat screwdriver) scrap the bottom contact and the contact on the threads. Bend the contact on the threads a little too make better contact with the bulb. Screw the bulb the bulb in completely. If this does not solve your problem the only the left to do is to replace the logic board.

See Exhibit G.

39. Upon information and belief, Defendants knew that there was a problem with the light sockets and lighting system for the Garage Door Opener.

## CLASS ACTION ALLEGATIONS

40. Plaintiff brings this action on behalf of herself and all those who purchased Garage Door Openers from Defendants through the internet and from stores in New Jersey and nationwide during the period commencing six years before the date of filing of the Complaint and who have been charged fees for the service, repair and/or replacement of defective light sockets and/or who have incurred expenses for the service, repair and/or replacement of defective light sockets.

41. The exact number of class members is unknown at this time and can only be ascertained through appropriate investigation and discovery of Sears' records. Plaintiff believes that the number of class members is in the thousands.

42. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy because, among other things, joinder of all members of the Class is impractical, and Class members cannot vindicate their rights through individual suits because their damages are small relative to the burden and expense of litigation individual actions.

43. Common questions of law and/or fact for the Class predominate over questions affecting individual members of that Class. Common questions include, but are not limited to: whether defendants breached a legal duty owed to Plaintiff and members of the Class in designing, manufacturing, marketing and/or selling Garage Door Openers with defective light sockets.

44. Plaintiff will fairly and adequately protect the interests of the Class, their claims are typical of the claims of the Class and they have retained counsel competent and experienced in complex class action litigation.

## First Claim For Relief
## (Consumer Fraud Act-N.J.S.A. Section 56-8-1 et seq.)

45. Plaintiff on behalf of herself, and the other members of the Class, repeats and realleges all previous allegations as if fully set forth at length herein and further alleges as follows.

46. The actions of Defendants constitute a violation of the New Jersey Consumer Fraud Act.

47. Upon information and belief, Defendants knowingly placed a defective product on the market, the Garage Door Opener, in that Defendant knew that the light socket for the Garage Door Opener was defective and that, as a result, the representations relating to the lighting feature of the Garage Door Opener were false.

48. By this deceptive practice of nondisclosure of a defect, Defendants intended to deceive Plaintiff and other members of the class.

49. Plaintiff was, in fact, deceived by the aforesaid deceptive practice of nondisclosure.

50. Upon information and belief, other members of the class were, in fact, deceived by the aforesaid practice of nondisclosure.

51. Plaintiff and members of the Class suffered ascertainable losses that were caused by Defendants' aforesaid deceptive practice.

## Second Claim For Relief
## (Common Law Fraud)

52. Plaintiff on behalf of herself, and the other members of the Class, repeats and realleges all previous allegations as if fully set forth at length herein and further alleges as follows.

53. Plaintiff reasonably relied on Defendants' false representations concerning the lighting system, including the light sockets.

54. Plaintiff has been injured as a result of such reasonable reliance.

55. Defendants made the aforesaid false representations concerning the lighting system, including the light sockets.

56. Defendants knew that those representations were false.

57. The actions of Defendants constitute common law fraud.

58. Plaintiff and other members of the Class have no adequate remedy of law.

### Third Claim For Relief
### (Unjust Enrichment)

59. Plaintiff on behalf of herself, and the other members of the Class, repeats and realleges all previous allegations as if fully set forth at length herein and further alleges as follows.

60. Defendants have been unjustly enriched by Plaintiff and the Class members' purchase of the Garage Door Openers and the necessary service and repair fees.

61. Plaintiff and members of the Class unknowingly conferred a benefit on Defendants, of which Defendants had knowledge, in that Defendants knew of the foregoing problems with the Garage Door Openers, failed to disclose this knowledge and misled Plaintiff and the Class members and profited from this deception.

62. Defendants have been enriched, at the expense of Plaintiff and unwitting consumers nationwide, by profiting from the aforesaid deceptive practice.

63. The circumstances are such that it would be inequitable for Defendants to retain the benefit of these profits that it obtained from Plaintiff and members of the Class.

64. Defendants' retention of money paid by Plaintiff and members of the Class as a result of its designing, manufacturing, marketing and/or sale of the defective Garage Door Openers is inequitable and unjust.

65. Plaintiff and other members of the Class are entitled to damages as a result of the unjust enrichment of Defendants to the detriment of Plaintiff and other consumers.

66. Plaintiff and other members of the Class have no adequate remedy of law.

### Fourth Claim For Relief
### (Breach of Implied Warranty of Merchantability)

67. Plaintiff on behalf of herself, and the other members of the Class, repeats and realleges all the previous allegations as if fully set forth at length herein and further alleges as follows.

68. Sears designed, manufactured and sold the Garage Door Opener to Plaintiff and the Class members.

69. Sears was a merchant because it marketed, sold and distributed its Garage Door Opener to Plaintiff and members of the Class.

70. Sears reasonably expected Plaintiff and the Class members to use the Garage Door Openers for ordinary purposes and such use by Plaintiff and the Class members was reasonably foreseeable.

71. At the time that Sears sold the Garage Door Openers to Plaintiff and the Class members, it impliedly warranted that said Garage Door Openers and all of their constituent parts, were of merchantable quality.

72. Sears breached this implied warranty because the Garage Door Openers that Sears marketed, sold and distributed were not of merchantable quality at the time the Garage Door Openers were sold.

73. Sears had prior knowledge and notice of the inferior and/or defective nature of the garage door inferiority and/or defects or to cure the breach.

74. As a direct and proximate result of Sears' breaches of the implied warranty of merchantability, Plaintiff and members of the Class have been injured and have suffered damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, respectfully request that the Court enter a judgment against Defendants, Sears, Roebuck & Co. and Sears Holdings Corporation, as follows:

A. Declaring that this action may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and for an order certifying this case as a class action

B. Awarding Plaintiff damages, both compensatory and punitive;

C. Awarding Plaintiff treble damages and attorneys' fees under the New Jersey Consumer Fraud Act;

D. Awarding Plaintiff the costs and disbursements of this action, including reasonable counsel fees, costs and expenses in amounts to be determined by the Court;

E. Awarding interest and costs of suit; and

F. Granting such other and further relief as is just and proper.

### JURY TRIAL DEMAND

Plaintiff hereby request a trial by jury on all issues that may be tried by jury.

NAGEL RICE, LLP

By: s/*Bruce H. Nagel*
Bruce H. Nagel

Dated: August 31, 2009