

**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MELANIE RAIT, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No.: 08-2461 (JLL) |
| v. | )<br>)<br>) **OPINION** |
| SEARS, ROEBUCK and CO. and<br>SEARS HOLDING CORPORATION, | )<br>)<br>) |
| Defendants. | )<br>) |

**LINARES**, District Judge.

This matter comes before the Court on the motion to dismiss Counts I and II of Plaintiff's Second Amended Complaint filed by Defendants Sears, Roebuck and Company and Sears Holding Corporation ("Sears") pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff Melanie Rait originally commenced this class action asserting claims for violations of the New Jersey Consumer Fraud Act ("CFA"), common-law fraud, unjust enrichment, breach of the implied warranty of fitness for a particular purpose, and breach of the implied warranty of merchantability. Sears previously moved to dismiss all counts except Ms. Rait's claim for breach of the implied warranty of merchantability. This Court granted Sears' first motion to dismiss with respect to the CFA, common-law fraud, and breach of the implied warranty of fitness for a particular purpose claims, dismissing those counts without prejudice; the Court denied the motion with respect to the unjust enrichment claim. Ms. Rait filed an Amended Complaint asserting the same claims but providing

additional facts. Sears again moved to dismiss the CFA, common-law fraud, and breach of the implied warranty of fitness for a particular purpose claims. This Court again granted dismissal, without prejudice to move to amend the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure and Rule 7.1 of the Local Civil Rules. Ms. Rait did not move to amend her complaint as ordered; instead, she simply filed a Second Amended Complaint.

The Second Amended Complaint asserts CFA, common-law fraud, unjust enrichment, and breach of the implied warranty of merchantability claims; she no longer asserts a claim for breach of the implied warranty of fitness for a particular purpose. Sears again moves to dismiss the CFA and common-law fraud claims. This Court has considered the submissions in support of and in opposition to the motion and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, Sears' motion to dismiss is granted.

## I.   BACKGROUND

The facts of this case, set out fully in this Court's prior two motion to dismiss opinions, are incorporated by reference into this opinion. See Rait v. Sears, Roebuck & Co., No. 08-2461, 2009 U.S. Dist. LEXIS 7540 (D.N.J. Feb. 3, 2009); Rait v. Sears, Roebuck & Co., No. 08-2461, 2009 U.S. Dist. LEXIS 70217 (D.N.J. Aug. 11, 2009). In the first motion to dismiss opinion, the Court found that "[t]he only precise facts Ms. Rait alleges are that she purchased a garage door opener from the Sears website, that there were immediate problems with one of the light bulbs on the opener, that she was told by a Sears repairman that the socket was bad and needed to be replaced, and that she paid $65 for the repair." Rait, 2009 U.S. Dist. LEXIS 7540, at *10. As noted in this Court's second motion to dismiss opinion, "[t]he only *facts* added in the Amended Complaint

[were] the actual Sears' advertisement to which [Ms. Rait] responded and copies of anonymous internet postings discussing various Sears' garage door openers." Rait, 2009 U.S. Dist. LEXIS 70217, at *8-9 (emphasis in original). The Court held these additional facts insufficient to establish the substantial aggravating circumstances necessary to state a CFA claim. Specifically, this Court held that "[Ms. Rait] only has alleged that she purchased a product that broke once, that she was charged for a successful repair, and that there were some complaints about the product on the internet." Id. at *13. With respect to the newly submitted internet postings, this Court held that "[t]he various and disparate internet complaints relied on here are not sufficient to support Ms. Rait's broad conclusion regarding Sears' knowledge and intent even if this Court were to find internet complaints [alone] valid support as a general proposition, which it does not do." Id. at *10-11. Thus, in dismissing her CFA and consumer fraud claims for a second time, this Court noted that "unless Ms. Rait can allege facts about her specific experience that show something more than a typical repair scenario, it is likely that such amendment would be futile." Id. at *17.

Ms. Rait's Second Amended Complaint is substantially similar to her prior two complaints. She has submitted no new facts about her specific repair experience. Instead, she has submitted an edited compilation of internet postings and now adds trade dress and catalog information related to the garage door she purchased. She now submits that the trade dress on the box for the Garage Door Opener states in pertinent part: "Lights turn on automatically whenever garage door opens or closes or safety reversing sensors are obstructed." (Second Am. Compl., Ex. B.) The Sears catalog states in part: "The light will turn ON and remain lit for approximately 4-1/2 minutes when power is connected." (Id. at Ex. C.) The catalog also states that the light will turn on: "when the opener is initially plugged in; when the power is restored after interruption; when the opener is

activated[;]" or "when someone walks through the open garage door." (Id.) The Second Amended Complaint does not allege that Ms. Rait relied on these newly submitted materials.

## II. LEGAL STANDARDS

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (U.S. 2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully;" mere consistency with liability is insufficient. Id. In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[;] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. It is the underlying specific facts alleged in a complaint that should be treated as true and evaluated. Thus, as the Iqbal Court instructed, a court's "analysis [begins] by identifying the allegations in the complaint that are not entitled to the assumption of truth." Id. at 1951.

## III. DISCUSSION

Sears again argues that Ms. Rait's CFA and common-law fraud claims should be dismissed because she has failed to state a claim for these causes of action and because she has failed to plead these fraud claims with the specificity required by Rule 9(b) of the Federal Rules of Civil Procedure. On the other hand, Ms. Rait asserts that she has provided "specific allegations of

Defendants' intentional misrepresentations." (Mem. of Law on Behalf of Pl. in Opp'n to Defs.' Mot. to Dismiss [hereinafter "Pl.'s Opp'n"], at 6.)

As an initial point, this Court notes that it has previously rejected Ms. Rait's argument that the internet postings provided alone are sufficient to support a broad allegation that Sears intended to deceive customers into purchasing a product that they knew was defective in order to generate additional repair fees. Ms. Rait, throughout her brief, reasserts arguments previously made or indirectly challenges prior conclusions of this Court in the guise of attacking Sears' arguments. Sears' present motion to dismiss arguments primarily consist of quoting this Court's prior opinions and then asserting that nothing has changed with Ms. Rait's new submission. This Court will not revisit or reconsider its prior holdings. The issue here is simply whether the additional trade dress and catalog information provided by Ms. Rait in her Second Amended Complaint is sufficient, in combination with the other previously plead facts, to support Ms. Rait's broad fraud allegations.

As this Court clearly set forth in its prior two opinions:

> [W]hile a "breach of warranty or contract is unfair to the non-breaching party," a breach of warranty alone is not a per se unlawful practice. Id. (citing D'Ercole Sales, Inc. v. Fruehauf Corp., 501 A.2d 990, 998 (N.J. Super. Ct. App. Div. 1985)). A claim under the CFA requires more; it requires that a plaintiff allege "substantial aggravating circumstances." Suber v. Chrysler Corp., 104 F.3d 578, 587 (3d Cir. 1997); see also Cox, 647 A.2d at 462. To meet this standard, a plaintiff must demonstrate that the business behavior in question "stand[s] outside the norm of reasonable business practice in that it will victimize the average consumer." Turf Lawnmower Repair, Inc. v. Bergen Record Corp., 655 A.2d 417, 430 (N.J. 1995). Additionally, to adequately state a claim under the CFA, not only must a plaintiff allege facts sufficient to establish the elements discussed above, but those allegations must be plead with particularity under Rule 9(b) of the Federal Rules of Civil Procedure. See Lum v. Bank of America, 361 F.3d 217, 224 (3d Cir. 2004); Parker v. Howmedica Osteonics Corp., No. 07-2400, 2008 WL 141628, at *3 (D.N.J. Jan. 14, 2008).

Rait, 2009 U.S. Dist. LEXIS 70217, at *7-8.

Aside from the fact that Ms. Rait does not assert that she relied or even considered the trade dress and catalog information in making her decision to purchase the garage door opener, this new information merely describes how the product was intended to work. As discussed in this Court's August Opinion regarding the website description, the trade dress and catalog do not state the lights will never break. More importantly, these new items do nothing to support Ms. Rait's allegations that Sears knew the opener was defective when it was sold.

Despite this Court's prior holding that she had previously failed to allege the required substantial aggravating circumstances sufficient to elevate her claim to something more than a breach of warranty claim, which she has asserted and which is moving forward, Ms. Rait spends one sentence in her opposition brief specifically addressing this point in her eighteen page brief. She states: "Finally, despite Defendants' protestations, Plaintiff has alleged sufficiently 'substantial aggravating circumstances' to withstand a motion to dismiss. See Suber v. Chrysler Corp., 104 F.3d 578, 582 (3d Cir. 1997)." (Mem. of Law on Behalf of Pl. in Opp'n to Defs.' Mot. to Dismiss [hereinafter "Pl.'s Opp'n"], at 14.) The parenthetical description provided after the Suber cite in her brief–"allegations regarding suspension defects in automobile constituted sufficient 'substantial aggravating circumstances'"–is a misleading characterization of that case's holding and does not address this Court's reference to Suber in its prior opinion, distinguishing it from Ms. Rait's case. In Suber, as cited to in this Court's August Opinion, the Third Circuit held that the plaintiff sufficiently plead a CFA claim because he "ha[d] made allegations that, if proven, could constitute substantial aggravating circumstances." 104 F.3d at 587. The allegations held to be sufficient were that:

Suber states that George Bomanski, a Chrysler representative, told Suber that the van

> had suspension problems, but his official report, on which the CAB based its decision, noted that there were no suspension problems. Moreover, Suber's allegations that Chrysler knew of the problem are supported by the Technical Services Bulletin, which stated that all 1993 and 1994 Dodge Ram vans and wagons needed repair to correct the suspension problem about which Suber complained.

Id. (emphasis added). Additionally, the Third Circuit found Suber's claim sufficient because "[t]he Lemon Law has defined certain practices as per se unlawful within the meaning of the NJCFA[,]" and the defendants had failed to comply with this provision in servicing Suber's vehicle. As noted previously by this Court, Ms. Rait has not alleged comparable facts. Ms. Rait simply does not address this or the other cases noted and distinguished by this Court from the facts presented here, cases that set forth the types of situations which "stand outside the norm of reasonable business practice."

Additionally, this Court previously agreed with Sears and found that if Ms. Rait's position was accepted then "virtually every consumer product company would be subject to fraud claims and extensive discovery." Rait, 2009 U.S. Dist. LEXIS 70217, at *13. Ms. Rait's opposition also does not address this concern of the Court. Presumably every product that contains a light has instructions and descriptions that indicate how and when the light should turn on--ovens, coffee makers, vacuums, etc. Products break within warranty periods or even sometimes come out of the box not working as they are supposed to. In these situations consumers rightfully expect that their product will be fixed so that it works as it is should. To the extent that a company and a consumer disagree over who should pay for any repair, breach of warranty claims are available. But, New Jersey law is clear, such a situation, without more, is not enough to state a CFA claim.

This Court fully acknowledges, and the website, trade dress, and catalog information all support, that the garage door opener purchased by Ms. Rait had lights that were supposed to turn

on, and that after three weeks' use one light socket broke–i.e. the light bulb would burn out quickly and then not turn on. In response to having to change the bulb multiple times in a short time period, Ms. Rait had *one* repair.[1] She does not allege that the garage door opener does not work as advertised after the repair–presumably the light does turn on–or that there were any misrepresentations with respect to *her* actual repair. All she asserts beyond a typical consumer product repair scenario is that there were some complaints about Sears' garage door openers on the internet, an argument previously rejected as insufficient by this Court. As Defendants' argue, this is precisely why there are heightened pleading standards for fraud claims. This Court struggles to think of what product repair scenario would fail to state a CFA claim if this one passes muster–one where there are zero internet complaints or only positive reviews? Ms. Rait's arguments would mean that the sufficiency of CFA claims rests on what anonymous posters choose to write on the internet because the assertion of some internet complaints is Ms. Rait's only non-speculative factual allegation in addition to those describing the most common of product repair scenarios. As noted previously, CFA claims are for situations that "stand outside the norm of reasonable business practice in that it will victimize the average consumer." Turf Lawnmower Repair, Inc. v. Bergen Record Corp., 655 A.2d 417, 430 (N.J. 1995). Ms. Rait's sufficiently plead allegations do not rise to this level.

This Court, for the third time, finds that the facts adequately plead state at most a claim for

---

[1] In the Second Amended Complaint Ms Rait states: "Plaintiff had one of the light bulbs replaced on at least six occasions due to the defective light socket." (Second Am. Compl. ¶ 31; see also Am. Compl. ¶ 26.) Her original complaint makes clear that these were not multiple instances of the socket breaking or multiple repairs. Her original complaint states: "Plaintiff replaced the bulb on at least six occasions." (Compl. ¶ 24.)

breach of warranty without substantial aggravating circumstances. Additionally, as discussed in the two prior opinions, because common-law fraud involves a more onerous standard than the CFA, it follows that she also has not sufficiently plead a common-law fraud claim. Therefore, Ms. Rait's CFA and common-law fraud claims are dismissed with prejudice.

## IV. CONCLUSION

For the foregoing reasons, Sears' motion to dismiss Ms. Rait's CFA and common-law fraud claims is granted; these claims are dismissed with prejudice. An appropriate Order accompanies this Opinion.

DATED: November 2, 2009

/s/ Jose L. Linares
JOSE L. LINARES
UNITED STATES DISTRICT JUDGE